**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

**CIVIL NO. 3:08cv331**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> $8,335.00 IN UNITED STATES ) <br> CURRENCY, ) <br> ) <br> Defendant. ) | **DEFAULT JUDGMENT OF FORFEITURE** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Default Judgment of Forfeiture [Doc. 6], filed September 23, 2008.

On July 15, 2008, the Plaintiff filed a Complaint for Forfeiture <u>In Rem</u> against the Defendant property. [Doc. 1]. Based on the affidavit attached to the Complaint, this Court found probable cause for forfeiture and issued a warrant for arrest of the currency. [Doc. 1-2 and Doc. 2]. Process issued and the funds were placed in the custody of the United States Marshal during the pendency of this action. [Doc. 3].

Notice of the civil forfeiture proceeding was made by internet publication in accordance with Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions,

Federal Rules of Civil Procedure, as shown by the declaration filed on September 16, 2008. [Doc. 4]. In addition, notice was provided by certified mail, return receipt received, to known potential claimants Princeton Bess and Shannon Moore, pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure. [Doc.6 and Doc. 8]. No claimant has filed a verified claim or an answer. Upon expiration of the requisite time, entry of default was made on October 7, 2008. [Doc. 7].

     Based on the affidavit of Detective Jennifer L. LaFortune of the Charlotte-Mecklenburg Police Department attached to the Complaint, the Court finds that probable cause exists to believe that the Defendant property is proceeds of and/or was used or intended to be used to facilitate drug trafficking crimes. All moneys furnished or intended to be furnished in exchange for a controlled substance and all proceeds traceable to such an exchange are subject to forfeiture. 21 U.S.C. §881(a)(6). The Defendant property is therefore forfeited under 21 U.S.C. §881(h).

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Default Judgment of Forfeiture [Doc. 6] is hereby **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that **JUDGMENT OF FORFEITURE BY DEFAULT** is entered in favor of the Plaintiff and against the Defendant $8335.00 in United States Currency. Any and all right, title and interest of all persons and/or entities in the world in or to $8,335.00 in United States currency seized on February 8, 2008, at 1101 Penrose Lane, in Charlotte, North Carolina is hereby forfeited to the United States and no other right, title, or interest shall exist therein.

Signed: January 21, 2009

Martin Reidinger
United States District Judge